CENTER FOR DISABILITY ACCESS
Mark Potter, Esq., SBN 166317
mark@potterhandy.com
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
Ph: (858) 375-7385
Fax: (888)422-5191

Michelle Uzeta, Esq., SBN 164402
michelleu@potterhandy.com
710 S. Myrtle Ave., #306
Monrovia, CA 91016

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Larry Singer,** | Case No. |
| Plaintiff, | **Complaint for Declaratory and Injunctive Relief and Damages for Violations of:** |
| v. | |
| **Live Nation Entertainment, Inc.; the Regents of the University of California**; and Does 1-10, inclusive, | 1. Title II of the Americans with Disabilities Act, 42 U.S.C. §12132 et seq.; |
| Defendants. | 2. Title III of the Americans With Disabilities Act, 42 U.S.C. §12182 et seq.; |
| | 3. California's Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.; |
| | 4. California's Disabled Persons Act, Cal. Civ. Code § 54.1 et seq.; and |
| | 5. California Government Code § 11135 et seq. |

1

Complaint

# INTRODUCTION

1. Plaintiff Larry Singer ("Plaintiff"), a wheelchair user, brings this action to enjoin Defendants Live Nation Entertainment, Inc., the Regents of the University of California and Does 1-10, (collectively, "Defendants") from continuing their discriminatory ticketing policies and practices, which Plaintiff contends violate the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and related state civil rights statutes, all of which are designed to protect the rights of individuals with disabilities.

2. Specifically, Plaintiff alleges that Defendants' policies and practices deny him equal opportunity to purchase tickets for events occurring at the University of California, Los Angeles' Royce Hall through the same manner of online sale and distribution as individuals without disabilities, solely because of his disability and related need for wheelchair accessible seating.

3. Defendant also alleges that Defendants' policies pertaining to the release of tickets for accessible seating at Royce Hall violate federal and state law, and deny him access to tickets to which he is otherwise entitled.

4. As the direct and proximate result of Defendants' discriminatory policies and practices, as alleged herein, Plaintiff has suffered, and will continue to suffer damages.

5. Through this action, Plaintiff seeks declaratory relief and an injunction requiring Defendants to modify their policies to conform to the requirements of federal and state law and ensure that Plaintiff will no longer experience discrimination on the basis of disability when trying to purchase tickets to events at Royce Hall. Plaintiff also seeks to be compensated for his damages and the reasonable attorneys' fees, costs and litigation expenses incurred for enforcing his civil rights.

**JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

7.      Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq. and the Disabled Persons Act, Cal. Civ. Code § 54.1 et seq., both of which expressly incorporate the ADA. Cal. Civ. Code §§ 51(f), 54.1(d).

8.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that Plaintiff's causes of action arose in this district.

**THE PARTIES**

9.      Plaintiff Larry Singer is, and at all times relevant herein was, a California resident with physical disabilities. Plaintiff is unable to walk or stand independently as the result of quadriplegia, and uses a wheelchair for mobility. Plaintiff is, and at all times relevant herein was, a "qualified person with a disability" and a "physically disabled person" as those terms are defined under the ADA (42 U.S.C. § 12102) and California law (Cal. Gov. Code § 12926).

10.      Defendant Regents of the University of California is, and at all times relevant herein was, a state government entity that administers the University of California, a public trust. The Regents possesses the power to sue and be sued. Cal. Const. Art. 9, § 9.

11.      At all times relevant herein, Defendant Regents of the University of California administered and did business as the University of

California, Los Angeles. For purposes of this Complaint, the Regents shall be referred to as "UCLA."

12.   Defendant Live Nation Entertainment, Inc. ("Live Nation") is, and at all times relevant herein was, a private entity organized and operating as a limited liability corporation under the laws of the State of Delaware, with its primary place of business located in Beverly Hills, California.

13.   Plaintiff is currently unaware of the true identities of Does 1-10, inclusive, and will seek leave to amend his Complaint when the true names, capacities, connections, and responsibilities of these defendants are ascertained.

14.   Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## FACTUAL ALLEGATIONS

15.   Live Nation is the world's leading live entertainment company.

16.   Ticketmaster is a subsidiary of Live Nation.

17.     Ticketmaster operates a nationwide ticket business through which it conducts original ticket sales to events on behalf of performance venues, pursuant to written agreements.

18.     The ticket sales relevant to this Complaint are Ticketmaster's ticket sales to events at Royce Hall, one of the key performing-arts venues in Southern California, and the main performance venue for the Center for the Art of Performance at UCLA.

19.     Royce Hall is located at 340 Royce Drive in Westwood, California, on the UCLA campus.

20.     UCLA owns and operates Royce Hall.

21.     Defendant Live Nation owns, leases, operates, has booking rights for and/or equity interest in Royce Hall.

22.     On information and belief, UCLA and Live Nation are parties to an agreement under which Ticketmaster has the exclusive right to sell tickets by telephone or over the internet through Ticketmaster's website www.ticketmaster.com, to events held at Royce Hall.

23.     On information and belief, UCLA has retained the exclusive right to sell tickets in person at the UCLA box office, but utilizes Ticketmaster's ticketing system to conduct such sales.

24.     On November 12, 2015, Plaintiff attempted to purchase a wheelchair accessible seat off the Ticketmaster website for the December 4, 2015 Booker T. Jones and Black Joe Lewis performance at Royce Hall (hereinafter "the Performance").

25.     According to the online seating chart of Royce Hall on the Ticketmaster website on November 12, 2015, only approximately ½ of the seats for the Performance had been sold.

Complaint

26.    Plaintiff wanted to complete the purchase of a wheelchair accessible seat for the Performance directly and independently online off the Ticketmaster website on November 12, 2015, but was unable to do so.

27.    Although there was information regarding the location, price, view, and availability of non-accessible seats for the Performance available on the Ticketmaster website on November 12, 2015, there was no such information available regarding wheelchair accessible seats.

28.    There was an International Symbol of Access icon displayed above the Royce Hall seating chart for the Performance on the Ticketmaster website on November 12, 2015.  Plaintiff clicked on the icon and was directed to an electronic fillable form entitled "Request Accessible Seating Tickets."

29.    The instructions accompanying the Request Accessible Seating Tickets form advised Plaintiff that to obtain tickets he had two choices: (1) fill out and submit the displayed form and wait for an "e-care specialist" to contact him; or (2) call 800-745-3000 to order by phone. The instructions also cautioned that although "Ticketmaster aims to process online requests for accessible seating tickets as soon as they are received, [ ] heavy volume can result in delays." The following notice was also provided: "Note: Venues are solely responsible for establishing their own accessible seating ticket policies. Some venues sell all or a portion of their accessible seating tickets only through their box office and not through Ticketmaster."

30.    Plaintiff completed and submitted the online Request Accessible Seating Tickets form requesting wheelchair accessible seats to the Performance at approximately 8:20 a.m. on November 12, 2015. He received an auto-response email from customer_support@ticketmaster.com at 8:57 a.m. that same morning stating in part: *We searched the venue high*

*and low as soon as we got your request. Regretfully, there are just no accessible seats left for Booker T. Jones and Black Joe Lewis."*

31.     On information and belief, at the time Plaintiff received the November 12, 2015 email form Ticketmaster stating that there were no accessible seats left for the Performance, there were, in fact, accessible seats available.

32.     At no time on November 12, 2016 was Plaintiff instructed by Ticketmaster that accessible tickets for the Performance were available through the UCLA Central Ticket Office.

33.     On his own accord, on November 14, 2016, Plaintiff called the UCLA Central Ticket Office, hoping for a change in the seating situation. Much to Plaintiff's surprise, he was informed that there were, in fact, wheelchair accessible seats available for the Performance.  Plaintiff was assisted by UCLA Central Ticket Office staff in purchasing a ticket for the Performance.

34.     On December 4, 2015, Plaintiff attended the Performance. When he arrived to the venue, he was shown to his wheelchair accessible seat.  There were no other patrons seated in the accessible seating section; other than him, the section was empty.

35.     Plaintiff did not see any other wheelchair users at the Performance at Royce Hall on December 4, 2015.

36.     On information and belief, it is Defendants' policy not to provide the same opportunity to purchase tickets for wheelchair-accessible seats and non-accessible seats at Royce Hall.  Members of the public are able to directly, independently and immediately purchase tickets for non-accessible seats at Royce Hall online through Ticketmaster, whereas individuals with physical disabilities like Plaintiff who require wheelchair accessible seats are denied this direct purchase option.

Complaint

37.   On information and belief, it is Defendants' policy not to provide the same information about wheelchair accessible seats at Royce Hall on the Ticketmaster website as it provides about non-accessible seats, using the same text and visual representations. Information about the location, price, view, and seat availability of non-accessible seats is provided. No such information is provided about wheelchair accessible seating.

38.   On information and belief, it is UCLA's policy to provide tickets for non-accessible seating for performances at Royce Hall to Ticketmaster as a third-party ticket vendor, without including comparable tickets for wheelchair accessible seats.

39.   On information and belief, it is UCLA's policy to sell accessible seating tickets for performances at Royce Hall only through their box office and not through Ticketmaster.

40.   Defendants' system for accessible ticket sales for events occurring at Royce Hall, described above, puts Plaintiff and other people with disabilities requiring accessible seating for events at Royce hall at a significant disadvantage.  Unlike their peers who do not require accessible seats, Plaintiff and similarly situated individuals:

    a.  are not provided an online ticket purchasing option;

    b.  must involve third parties to purchase tickets;

    c.  are provided less information about available seats;

    d.  are given misinformation about ticket availability and left to guess whether tickets are "really" available, and if so, where and from whom they can be purchased; and

    e.  are less likely to obtain tickets to popular and high demand events in the future, as such events sell out in minutes.

Complaint

41.    As a result of Defendants' discriminatory policies, Plaintiff was not provided the same information about and opportunity to purchase tickets for the Performance at Royce Hall as other members of the public, and was denied the full use and enjoyment of Defendants' goods and services. This, in turn, caused Plaintiff to experience difficulty, frustration, inconvenience and anger.

42.    Plaintiff is an avid concert goer and would like to avail himself of the convenience and independence of purchasing tickets online through Ticketmaster for performances and events at Royce Hall in the future. Until Defendants' unlawful and discriminatory ticketing policies are modified, Plaintiff will continue to be denied full and equal access to the goods, services, facilities, privileges, advantages, and accommodations offered by Defendants to the general public through Ticketmaster and at Royce Hall, and will suffer ongoing discrimination and damages as a result.

43.    The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff.

44.    Unless Defendants are restrained by a permanent mandatory injunction, Plaintiff and other members of the general public who have disabilities and require accessible seating at events occurring at Royce Hall will continue to suffer irreparable harm by Defendants' discriminatory practices. Plaintiff has no adequate remedy at law because monetary damages, which may compensate for past unlawful conduct, will not afford adequate relief for the harm caused by the continuation of the wrongful conduct of Defendants and the denial of his rights as herein alleged. Accordingly, Plaintiff is entitled to injunctive relief.

Complaint

45.     An actual controversy has arisen and now exists between the parties concerning their respective rights, duties and obligations under Federal and State law.  Accordingly, Plaintiff is entitled to declaratory relief.

**FIRST CAUSE OF ACTION**
**Title II of the Americans with Disabilities Act**
**42 U.S.C. § 12132 et seq.**
***(By Plaintiff Against Defendant UCLA)***

46.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

47.     Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

48.     Defendant UCLA is, and at all times relevant herein was, a "public entity" within the meaning of Title II of the ADA.

49.     Royce Hall is, and at all times relevant herein was, a program, service and/or activity offered by UCLA to the general public.

50.     Plaintiff is, and at all times relevant herein was, a qualified individual with a disability within the meaning of Title II of the ADA, and meets the essential eligibility requirements for the receipt of the services, programs, or activities offered by UCLA to the public at and through Royce Hall.

51.     UCLA's acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit and use of Royce Hall, in violation of Title II and its implementing regulations. The Defendants' discriminatory conduct includes, inter alia:

a.  Denying Plaintiff the opportunity to participate in or benefit from the aids, benefits, or services offered by UCLA to members of the public, on the basis of his disabilities (28 C.F.R. § 35.130(b)(1)(i));

b.  Affording Plaintiff an opportunity to participate in or benefit from the aids, benefits, or services offered by UCLA to members of the public that is not equal to that afforded his non-disabled peers (28 C.F.R. § 35.130(b)(1)(ii));

c.  Providing Plaintiff with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others (28 C.F.R. § 35.130(b)(1)(iii));

d.  Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aids, benefits, or services offered by Defendants to members of the public (28 C.F.R. § 35.130(b)(1)(vii));

e.  Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of his disability (28 C.F.R. § 35.130(b)(3)(i));

f.  Failing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination against Plaintiff on the basis of his disability (28 C.F.R. § 35.130(b)(7));

Complaint

g.  Failing to modify policies, practices, or procedures to ensure that Plaintiff has an equal opportunity to purchase tickets for accessible seating at events held at Royce Hall (28 C.F.R. § 35.138(a)(2));

h.  Failing to provide materials, such as seating maps, plans, brochures, pricing charts, or other information, that identify accessible seating at Royce Hall and information relevant thereto with the same text or visual representations as other seats at Royce Hall, when such materials are provided to the general public (28 C.F.R. § 35.138(b)(3)); and

i.  Releasing tickets for accessible seating at Royce Hall to persons who do not require accessible features before: (1) all non-accessible tickets (excluding luxury boxes, club boxes, or suites) have been sold; (2) all non-accessible tickets in a designated seating area have been sold and the tickets for accessible seating are being released in the same designated area; or (3) all non-accessible tickets in a designated price category have been sold and the tickets for accessible seating are being released within the same designated price category. (28 C.F.R. § 35.138(e)).

52.  UCLA's duties under Title II are mandatory and long-established. UCLA is deemed to have had knowledge of its duties at all times relevant herein; its failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

53.  Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiff prays for judgment as set forth below.

1
2
3
4

### SECOND CAUSE OF ACTION
### Title III of the Americans with Disabilities Act
### 42 U.S.C. § 12182 et seq.
### *(By Plaintiff Against Defendant Live Nation)*

5
6

54.    Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

7
8
9
10
11
12

55.    Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

13
14
15

56.    Among the "private entities" which are considered "public accommodations" for purposes of this title are sales and services establishments. 42 U.S.C. § 12181(7)(E) and (F).

16
17
18
19

57.    Defendant Live Nation is a private entity which owns and operates Ticketmaster, a sales and services establishment which provides, inter alia, ticket sales and resale services through brick and mortar retail outlets, online and through call centers.

20
21
22

58.    Live Nation's acts and omissions, as herein alleged, have discriminated against Plaintiff on the basis of his disability in violation of Title III of the ADA. Live Nation's discriminatory conduct includes, inter alia:

23
24
25
26
27

      a. Directly, or through contractual, licensing, or other arrangements, excluding or denying Plaintiff goods, services, facilities, privileges, advantages, accommodations, and/or opportunities, on the basis of his disability (42 U.S.C. § 12182(b)(1)(A)(i));

28

Complaint

b. Providing Plaintiff goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

c. Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of his disability (42 U.S.C. § 12182(b)(1)(D));

d. Imposing and/or applying eligibility criteria that screen out or tend to screen out individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(2)(A)(i));

e. Failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (42 U.S.C. § 12182(b)(2)(A)(ii));

f. Failing to modify policies, practices, or procedures to ensure that Plaintiff has an equal opportunity to purchase tickets for accessible seating at events held at Royce Hall (28 C.F.R. § 36.302(f)(1)(ii));

g. Failing to provide materials, such as seating maps, plans, brochures, pricing charts, or other information, that identify accessible seating at Royce Hall and information relevant thereto with the same text or visual representations as other seats at Royce Hall, when such materials are provided to the general public (28 C.F.R. § 36.302(f)(2)(iii)); and

Complaint

h. Releasing tickets for accessible seating at Royce Hall to persons who do not require accessible features before: (1) all non-accessible tickets (excluding luxury boxes, club boxes, or suites) have been sold; (2) all non-accessible tickets in a designated seating area have been sold and the tickets for accessible seating are being released in the same designated area; or (3) all non-accessible tickets in a designated price category have been sold and the tickets for accessible seating are being released within the same designated price category.  (28 C.F.R. § 36.302(f)(5)).

59. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION
### Unruh Civil Rights Act
### Cal. Civ. Code § 51 et seq.
### *(By Plaintiff Against All Defendants)*

60. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

61. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code § 51(b).

62. The Unruh Act also provides that "[n]o business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, or refuse to buy from, contract with, sell to, or trade with any person in this state on account of" his or her disability. Cal. Civ. Code, § 51.5(a).

63.     A violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

64.     Ticketmaster is a business establishment as contemplated by the Unruh Act.  Ticketmaster provides members of the public ticket sales and resale services through brick and mortar retail outlets, online and through call centers.

65.     Defendant Live Nation owns and/or operates Ticketmaster.  As such, Live Nation is obligated to comply with the provisions of the Unruh Act.

66.     Live Nation's acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia:

        a.  denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered by and through Ticketmaster;

        b.  discriminating against Plaintiff in the sale of tickets through Ticketmaster on the basis of his disability; and

        c.  refusing to sell tickets to Plaintiff through Ticketmaster's website due to his disability.

67.     Royce Hall is a business establishment as contemplated by the Unruh Act.  Royce Hall is an entertainment venue that presents performances by a variety of artists to members of the public who purchase tickets for such performances.

68.     Defendant UCLA owns and/or operates Royce Hall. As such, UCLA is obligated to comply with the provisions of the Unruh Act.

69.     UCLA's acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia:

        a.  denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations,

advantages, facilities, privileges, or services offered at and through Royce Hall;

b. through its agreement with Live Nation, discriminating against Plaintiff in the sale of tickets for events at Royce Hall on the basis of his disability; and

c. through its agreement with Live Nation, refusing to sell tickets to Plaintiff through Ticketmaster's website due to his disability.

70.     Defendants' acts and omissions, as herein alleged, have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the ADA (see Plaintiff's First and Second Causes of Action).

71.     Defendants' duties under the Unruh Act are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference. Treble damages are warranted.

72.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

**FOURTH CAUSE OF ACTION**

**California Disabled Persons Act**

**California Civil Code § 54.1 et seq.**

***(By Plaintiff Against All Defendants)***

73.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

74.     The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of

the general public, to accommodations, advantages, facilities, ... and privileges of all ... places of public accommodation, ... and other places to which the general public is invited...." Cal. Civ. Code § 54.1(a).

75.    A violation of the ADA is also a violation of the CDPA.  Cal. Civ. Code, § 54.1(d).

76.    Ticketmaster, a sales and services establishment which provides, inter alia, ticket sales and resale services through brick and mortar retail outlets, online and through call centers. Ticketmaster is a place of public accommodation and/or other place to which the general public is invited as contemplated by the CDPA.

77.    Defendant Live Nation owns and/or operates Ticketmaster. As such, Live Nation is obligated to comply with the provisions of the CDPA.

78.    Defendant Live Nation's acts and omissions, as herein alleged, have violated the CDPA by, inter alia, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal access to Ticketmaster's accommodations, advantages, facilities and privileges.

79.    Royce Hall is an entertainment venue that presents performances by a variety of artists to members of the public who purchase tickets for such performances. Royce hall is a place of public accommodation and/or other place to which the general public is invited as contemplated by the CDPA.

80.    Defendant UCLA owns and/or operates Royce Hall. As such, Live Nation is obligated to comply with the provisions of the CDPA.

81.    Defendant UCLA's acts and omissions, as herein alleged, have violated the CDPA by, inter alia, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal access to Royce Hall's accommodations, advantages, facilities and privileges.

82.    Defendants' acts and omissions, as herein alleged, have also violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the ADA (see Plaintiff's First and Second Causes of Action).

83.    Defendants' duties under the CDPA are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference. Treble damages are warranted.

84.    Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code §§ 54.3(a) and 55, Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION
### Cal. Gov. Code § 11135
### *(By Plaintiff Against Defendant UCLA)*

85.    Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

86.    California Government Code § 11135 provides in pertinent part that "[n]o person in the State of California shall, on the basis of ... disability, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state." Cal. Gov't Code § 11135(a).

87.    California Government Code § 11135 further provides that with respect to discrimination on the basis of disability, covered programs and activities shall meet the protections and prohibitions contained in Title II of the ADA and its implementing regulations, except that if the laws of

California prescribe stronger protections and prohibitions, covered programs and activities shall be subject to the stronger protections and prohibitions. Cal. Gov't Code § 11135(b).

88.   Defendant UCLA is a state government entity subject to California Government Code § 11135.

89.   Defendant UCLA's acts and omissions, as herein alleged, have violated California Government Code § 11135 by, _inter alia_, subjecting Plaintiff to unlawful discrimination under and/or denying Plaintiff full and equal access to the benefits of the programs and activities offered at Royce Hall.

90.   Defendant UCLA's acts and omissions, as herein alleged, have also violated California Government Code § 11135 by violating Title II of the ADA (see Plaintiff's First Cause of Action).

91.   Pursuant to the remedies, procedures, and rights set forth in Cal. Gov't. Code § 11139, Plaintiff prays for judgment as set forth below.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

a.   For a declaration that Defendants' conduct as alleged herein has violated and continues to violate the ADA, Unruh Act, CDPA and California Government Code § 11135;

b.   Issue a permanent injunction ordering each Defendant to modify its policies and practices to conform to the requirements of the ADA, Unruh Act, CDPA and California Government Code § 11135, and ensure that Plaintiff will no longer experience discrimination on the basis of disability when trying to utilize the direct purchase option for tickets to events at Royce Hall using Ticketmaster's website;

c.      Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

d.      Award Plaintiff attorneys' fees, litigation expenses and costs of suit, as provided by law; and

e.      Award such other and further relief as the Court may deem just and proper.

Dated: March 24, 2016                    Center for Disability Access

By: _Michelle Uzeta_
Michelle Uzeta
Attorneys for Plaintiff

21

Complaint